# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE, EASTERN DIVISION

TABITHA CAMPOS, as Parent and Next of Kin
of A.C., a minor, deceased, and TABITHA CAMPOS,
Individually,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
WILLIAM J. MILAM, Administrator *Ad Litem*
of the Estate of Chasity Renee Walker, deceased,
and JESSICA WALKER,

    Defendants.

## COMPLAINT FOR WRONGFUL DEATH

**TO THE HONORABLE JUDGES IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE:**

    **COMES NOW** your Plaintiff, Tabitha Campos, as Parent and Next of Kin of A.C., a minor, deceased, and Tabitha Campos, Individually, and for her cause of action against the Defendants, the United States of America, William J. Milam, Administrator *Ad Litem* of the Estate of Chasity Renee Walker, deceased, and Jessica Walker, herein respectfully charges and avers as follows:

### JURISDICTION AND VENUE

    1.    Plaintiff, Tabitha Campos, respectfully alleges that she is an adult resident citizen of Jackson, Madison County, Tennessee and is the parent and next of kin of the decedent, A.C., a minor who was born in 2013.

1

2. Upon information and belief, Plaintiff alleges that Defendant, United States of America, may be served with process by serving D. Michael Dunavant, United States Attorney for the Western District of Tennessee, at 109 South Highland Avenue, Suite 300, Jackson, Tennessee 38301.

3. Upon information and belief, Plaintiff alleges that William J. Milam is the Administrator *Ad Litem* of the Estate of Chasity Renee Walker, deceased, and may be served at 116 South Liberty Street, Jackson, Tennessee 38302.

4. Upon information and belief, Plaintiff alleges that Jessica Walker is an adult resident citizen of Dyersburg, Dyer County, Tennessee residing at 316 Victory Avenue, Dyersburg, Tennessee 38024.

5. Plaintiff alleges that at all times material hereto, Defendant, Jessica Walker, was the registered owner of the vehicle driven by, Chasity Renee Walker, deceased. At all times pertinent to the allegations set forth in this Complaint, Chasity Renee Walker was an agent, servant, and/or employee and was driving said vehicle with the permission, consent, knowledge, or approval of Defendant, Jessica Walker, and/or was operating same within the purview of the Family Purpose Doctrine. Thus, Plaintiff relies upon Tennessee Code Annotated §55-10-311 and §55-10-312 and the Doctrines of Respondeat Superior and Agency, as well as the Family Purpose Doctrine, whereupon Plaintiff would allege that every act of negligence as alleged herein against Defendant, Chasity Renee Walker, are imputed to Defendant, Jessica Walker, and she is liable to Plaintiff for her resulting injuries and damages.

6. Plaintiff alleges that at all times material hereto, Ivan Henderson was an employee, agent and or servant of the United States Department of the Navy, an agency of Defendant, the

United States of America, and at the time of the subject collision was acting within the course and scope of his employment, and was on or about the business of the United States Department of the Navy, an agency of the United States of America.

7. Plaintiff further alleges that this cause of action arises in tort out of personal injuries and wrongful death of the decedent, A.C., as a result of an automobile collision which occurred in Jackson, Madison County, Tennessee on or about October 26, 2018.

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1346, 28 U.S.C. §1367, 28 U.S.C. §2401(b) and 39 C.F.R. 912.9(a). Plaintiff alleges that Claim for Damage, Injury or Death was submitted to the Office of the Judge Advocate General on April 29, 2019 and received by the Judge Advocate General on April 30, 2019. A denial letter was received by Plaintiff's counsel on May 29, 2019.

9. The claims against Defendants, William J. Milam, Administrator *Ad Litem* of the Estate of Chasity Renee Walker, deceased, and Jessica Walker are part of the same case and controversy as those claims alleged against Defendant, the United States of America, and this Court has supplemental jurisdiction over Defendants, William J. Milam, Administrator *Ad Litem* of the Estate of Chasity Renee Walker, deceased, and Jessica Walker pursuant to 28 U.S.C. §1367(a).

## FACTS

10. Plaintiff alleges that on or about October 26, 2018, at approximately 7:41 a.m., Chasity Renee Walker, deceased, was driving a Nissan Versa VIN 3N1BC11E47L451660 and bearing Tennessee License Tag Number 0D12C5, owned and maintained by Defendant, Jessica Walker, in a southbound direction on Riverside Drive at or near the intersection of Cane Creek

Road. A.C. was a passenger in the vehicle driven by Chasity Renee Walker.

11. Plaintiff further alleges that at the same time and place, Ivan Henderson was driving a 2014 Ford Fusion VIN 1FADP3F24GL341035 and bearing Government License Tag Number C133486S, owned and maintained by the United States of America in a northbound direction on Riverside Drive at or near the intersection of Cane Creek Road at a high rate of speed.

12. Plaintiff further alleges that Chasity Renee Walker, deceased, lost control of the vehicle she was operating and began to travel sideways, with the passenger side of the car leading, until her vehicle entered the northbound lane of travel.

13. Plaintiff further alleges that Ivan Henderson, while driving at an excessive rate of speed for the existing weather conditions, struck the vehicle driven by Chasity Renee Walker, deceased, in which A.C., deceased, was a passenger.

14. Plaintiff alleges that as a direct and proximate result of the actions of Chasity Renee Walker, deceased, Jessica Walker, and the United States of America, A.C. was caused to suffer fatal injuries as hereinafter set forth.

## ACTS OF NEGLIGENCE

15. Plaintiff alleges that Ivan Henderson, at all times pertinent acting as the employee, agent and/or servant of Defendants, the United States of America was guilty of the following acts of common law negligence, which were a direct and proximate cause of your Plaintiff's injuries and resulting damages, which acts of negligence are imputed to the United States of America, to-wit:

    (a) Negligently failing to use the degree of care and caution in the operation of the vehicle as was required of a reasonable and prudent person under the same or similar circumstances existing at the time and place of the aforementioned collision;

4

     (b)     Negligently failing to maintain a proper lookout ahead;

     (c)     Negligently failing to maintain proper control of the vehicle under the existing circumstances;

     (d)     Negligently failing to devote full time and attention to the operation of the vehicle;

     (e)     Negligently failing to adequately and reasonably monitor the flow of traffic;

     (f)     Negligently failing to use reasonable care to avoid injury to the plaintiff while operating a motor vehicle;

16. Plaintiff further alleges that Ivan Henderson, at all times pertinent acting as the employee, agent and/or servant of Defendant, the United States of America was likewise guilty of violating the following official traffic ordinances of the City of Jackson, each and every one of which were in full force and effect at the time and place of said collision constituting negligence per se and were a direct and proximate cause of your plaintiff's injuries and damages, which acts of negligence are imputed to defendant, the United States of America, to wit:

> ***Section 15-403. Reckless driving.***
> *Irrespective of the posted speed limit, no person, including operators of emergency vehicles, shall drive any vehicle in willful or wanton disregard for the safety of persons or property.*

17. Plaintiff alleges that Ivan Henderson, at all times pertinent acting as the employee, agent and/or servant of Defendant, the United States of America, was likewise guilty of violating code sections of the Tennessee Code Annotated, including but not limited to the following sections, each and every one of which were in full force and effect at the time and place of said collision, constituting negligence *per se,* and which said violations are imputed to Defendant, United States of America, to-wit:

5

> *Section 55-8-103   Required obedience to traffic laws –*
> *It is unlawful and, unless otherwise declared in this chapter and chapter 10, parts 1-5 of this title with respect to particular offenses, it is a Class C misdemeanor, for any person to do any act forbidden or fail to perform any act required in this chapter and chapter 10 of this title.*
>
> *Section 55-8-136   Drivers to exercise due care –*
> *(b) Notwithstanding any speed limit or zone in effect at the time, or right of way rules that may be applicable, every driver of a motor vehicle shall exercise due care to avoid colliding with any other motor vehicle, either being driven or legally parked, upon any roadway, or any road sign, guard rail or any fixed object legally placed within or beside the roadway right of way, by operating such motor vehicle at a safe speed, by maintaining a safe lookout, by keeping such motor vehicle under proper control and by devoting full time and attention to operating such motor vehicle, under the existing circumstances to avoid endangering life, limb or property.*
>
> *Section 55-10-202   Operating a vehicle contrary to law –*
> *(a) It is unlawful for the owner, or any other person, employing or otherwise directing the driver of any vehicle to require or knowingly to permit the operation of such vehicle upon a highway in any manner contrary to law.*
>
> *Section 55-10-205:   Reckless Driving*
> *(a) Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property commits reckless driving.*

18.     Plaintiff alleges that Chasity Renee Walker, was guilty of the following acts of common law negligence, which were a direct and proximate cause of your Plaintiff's injuries and resulting damages, which acts of negligence are imputed to Jessica Walker, to-wit:

(a)     Negligently failing to use the degree of care and caution in the operation of the vehicle as was required of a reasonable and prudent person under the same or similar circumstances existing at the time and place of the aforementioned collision;

6

  (b) Negligently failing to maintain a proper lookout ahead;

  (c) Negligently failing to maintain proper control of the vehicle under the existing circumstances;

  (d) Negligently failing to devote full time and attention to the operation of the vehicle;

  (e) Negligently failing to adequately and reasonably monitor the flow of traffic;

  (f) Negligently failing to use reasonable care to avoid injury to the plaintiff while operating a motor vehicle;

19. Plaintiff further alleges that Chasity Renee Walker, deceased, was likewise guilty of negligence in that Chasity Renee Walker, deceased, violated the following official traffic ordinances of the City of Jackson, each and every one of which were in full force and effect at the time and place of said collision constituting negligence *per se* and were a direct and proximate cause of your plaintiff's injuries and damages, which acts of negligence are imputed to Defendant, Jessica Walker, to wit:

> ***Section 15-403. Reckless driving.***
> *Irrespective of the posted speed limit, no person, including operators of emergency vehicles, shall drive any vehicle in willful or wanton disregard for the safety of persons or property.*
>
> ***Section 15-407: Laned streets;***
> *On streets marked with traffic lanes, it shall be unlawful for the operator of any vehicle to fail or refuse to keep his vehicle within the boundaries of the proper lane for his direction of travel except when lawfully passing another vehicle or preparatory to making a lawful turning movement.*

20. Plaintiff alleges that Chasity Renee Walker, deceased, was likewise guilty of violating code sections of the Tennessee Code Annotated, including but not limited to the following sections, each and every one of which were in full force and effect at the time and place

of said collision, which acts of negligence are imputed to Jessica Walker, to-wit:

> ***Section 55-8-103   Required obedience to traffic laws** –*
> *It is unlawful and, unless otherwise declared in this chapter and chapter 10, parts 1-5 of this title with respect to particular offenses, it is a Class C misdemeanor, for any person to do any act forbidden or fail to perform any act required in this chapter and chapter 10 of this title.*
>
> ***Section 55-8-115 Driving on right side of roadway-***
> *(a)   Upon all roadways of sufficient width, a vehicle shall be driven upon the right half of the roadway….*
>
> ***Section 55-8-123 Driving on roadways laned for traffic** –*
> *Whenever any roadway has been divided into two (2) or more clearly marked lanes for traffic, the following rules, in addition to all others consistent with this section, shall apply:*
> *(**1**)   A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from that lane until the driver has first ascertained that the movement can be made with safety.*
>
> ***Section 55-8-136   Drivers to exercise due care** –*
> *(**b**) Notwithstanding any speed limit or zone in effect at the time, or right of way rules that may be applicable, every driver of a motor vehicle shall exercise due care to avoid colliding with any other motor vehicle, either being driven or legally parked, upon any roadway, or any road sign, guard rail or any fixed object legally placed within or beside the roadway right of way, by operating such motor vehicle at a safe speed, by maintaining a safe lookout, by keeping such motor vehicle under proper control and by devoting full time and attention to operating such motor vehicle, under the existing circumstances to avoid endangering life, limb or property.*
>
> ***Section 55-10-202   Operating a vehicle contrary to law** –*
> *(**a**) It is unlawful for the owner, or any other person, employing or otherwise directing the driver of any vehicle to require or knowingly to permit the operation of such vehicle upon a highway in any manner contrary to law.*
>
> ***Section 55-10-205:   Reckless Driving***

> *(a) Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property commits reckless driving.*

21.     Plaintiff charges and alleges that one, some, or all aforesaid acts of common law negligence, violations of the State of Tennessee, and/or violations of Ordinances of City of Jackson by Ivan Henderson, and/or Chasity Renee Walker, deceased, were the direct and proximate cause of the collision at issue and Plaintiff's resulting injuries and damages to be hereinafter set out with more particularity.

22.     In the alternative, Plaintiff alleges upon information and belief that the vehicle operated by Chasity Renee Walker, deceased, crossed into the northbound lane of Riverside Drive for reasons unknown, and but for the excessive rate of speed of the vehicle operated by Ivan Henderson, Plaintiff's injuries and damages would not have occurred.

## INJURIES AND DAMAGES

23.     Plaintiff, Tabitha Campos, as Parent and Next of Kin of A.C., deceased, and Tabitha Campos, Individually, alleges that as a direct and proximate result of the aforementioned acts of negligence on the part of the Defendants herein, Plaintiff is entitled to recover for the following injuries and damages sustained by the wrongful death of the decedent, A.C.:

    a.    Medical expenses;

    b.    Funeral and burial expenses;

    c.    Great pain and suffering;

    d.    Great mental and emotional anguish caused by his death;

    d.    Hedonic damages, including the inability to enjoy the normal pleasures of

        life, both past and future; and

    e.    Pecuniary value of decedent's life

24.    Plaintiff further charges and avers that, as a direct and proximate result of the aforementioned acts violations on the part of the defendants, Plaintiff, as parent of the decedent, A.C., was caused to suffer and incur damages including, but not limited to, the following to wit:

    a.    Loss of economic benefit, support, services of the deceased;

    b.    Pecuniary loss including pecuniary value of decedent's life;

    c.    Loss of attention, guidance, care, protection, training, companionship, cooperation, affection, and love of the decedent; and

    d.    Loss of consortium.

## RELIEF SOUGHT

**WHEREFORE, PREMISES CONSIDERED,** plaintiff, Tabitha Campos, as Parent and Next of Kin of A.C., deceased, and Tabitha Campos, Individually, respectfully sues the Defendants, the United States of America, William J. Milam, Administrator *Ad Litem* of the Estate of Chasity Renee Walker, deceased, and Jessica Walker, and demands judgment against same, for compensatory damages in an amount not to exceed **FIVE MILLION DOLLARS ($5,000,000.00)** and respectfully prays for a trial by jury.

**WHEREFORE, PREMISES CONSIDERED,** plaintiff, Tabitha Campos, as Parent and Next of Kin of A.C., deceased, and Tabitha Campos, Individually, respectfully prays for damages as they may appear on the trial of this cause, reserving the right to amend this pleading to conform to the facts as they may develop, for costs, and for all other general relief justified by the facts

under the law or in equity.

                              Respectfully submitted,

                              NAHON, SAHAROVICH & TROTZ, PLC


                              /s/ Jason J. Yasinsky_____
                              Jason J. Yasinsky (029514)
                              Attorney for Plaintiff
                              488 South Mendenhall
                              Memphis, Tennessee 38117
                              (901)259-0424


                              /s/ David A. Siegel_____
                              David A. Siegel (011870)
                              Attorney for Plaintiff
                              488 South Mendenhall
                              Memphis, Tennessee 38117
                              (901)259-0424