IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| TABITHA CAMPOS, as Parent and Next of Kin of A.C., a Minor, deceased, and TABITHA CAMPOS, Individually,<br><br>          Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, WILLIAM J. MILAM, Administrator *Ad Litem* of the Estate of Chasity Renee Walker, deceased, and JESSICA WALKER,<br><br>          Defendants. | Case No. 1:19-cv-01190-JDB-jay<br>(Lead Case) |
| KAREY G. ARNOLD and ALLEN D. WALKER, as Parents and Next of Kin of Chasity R. Walker, deceased,<br><br>          Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendant. | Case No. 1:19-cv-01254-JDB-jay<br>(Member Case) |

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO
CLAIMS OF CAMPOS PLAINTIFFS

*INTRODUCTION AND PROCEDURAL BACKGROUND*

In a complaint filed September 3, 2019, Tabitha Campos, individually and as parent and next of kin of A.C., a minor, deceased (the "Campos Plaintiffs"), brought a wrongful death action under Tennessee law against the Defendants, the United States of America; Jessica Walker; and

William J. Milam, Administrator *ad litem* of the Estate of Chasity Renee Walker, deceased. (*Campos v. United States, et al.,* Case No. 1:19-cv-01190-JDB-jay, Docket Entry ("D.E.") 1.)  On October 25, 2019, Karey G. Arnold and Allen D. Arnold, parents and next of kin of Chasity R. Walker, deceased (the "Walker Plaintiffs"), initiated a Tennessee negligence action against the United States of America.  (*Arnold v. United States*, Case No. 1:19-cv-01254-JDB-jay, D.E. 1.)

As the lawsuits arose from the same fatal automobile accident, they were consolidated in an order entered January 8, 2020.  (*Campos v. United States, et al.,* Case No. 1:19-cv-01190-JDB-jay, D.E. 21; *Arnold v. United States*, Case No. 1:19-cv-01254-JDB-jay, D.E. 15.)  On March 16, 2020, the Campos Plaintiffs' claims against Milam and Jessica Walker were dismissed.  (D.E. 34.[1])  Pending before the Court is the motion of the remaining Defendant, the United States, for summary judgment as to all claims of the Campos and Walker Plaintiffs pursuant to Rule 56 of the Federal Rules of Civil Procedure.  (D.E. 76.)  In the interest of simplicity and to avoid confusion, the Court deems it appropriate to rule on the dispositive motion as to each set of plaintiffs separately.

*STANDARD OF REVIEW*

Rule 56 provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The court is to determine "whether the evidence presents a sufficient disagreement to require submission to a [factfinder] or whether it is so one-sided that one party must prevail as a matter of law[.]"  *Jordan v. Howard*, 987 F.3d 537, 542 (6th Cir. 2021) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-55 (1986)), *reh'g en banc denied* (Mar. 8,

---

[1]Documents filed subsequent to consolidation will bear the docket entry numbers of only the lead case.

2

2021). "The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.* (quoting *Seeger v. Cincinnati Bell Tel. Co.*, 681 F.3d 274, 281 (6th Cir. 2012)). In making its determination, "the court must view the evidence and draw all reasonable inferences in favor of the nonmoving party." *Id.* (citing *Liberty Lobby*, 477 U.S. at 251-55).

## *UNDISPUTED FACTS*

The following facts are undisputed for purposes of summary judgment. On October 26, 2018, before 8:00 a.m., Chasity Walker was driving a Nissan Versa southbound on Riverside Drive in Jackson, Tennessee. A.C., Tabitha Campos' five-year-old son, was riding in the Nissan's back passenger side seat. At the same time, Ivan Henderson, acting within the course and scope of his employment with the United States Navy and operating a Ford Focus owned and maintained by the United States, was traveling northbound on Riverside Drive. Near the intersection of Riverside Drive and Cane Creek Road, Walker lost control of her vehicle and entered the northbound lane of Riverside Drive crosswise. After Walker's vehicle entered the northbound lane, it was struck by Henderson's automobile. Walker and A.C. died of injuries sustained in the crash. The posted speed limit where the accident occurred was forty miles per hour. The Ford's data recorder documented Henderson's speed was 58.3 miles per hour five seconds before the crash and approximately fifty-five miles per hour at the time of impact.

## *ARGUMENTS OF THE PARTIES AND ANALYSIS*

<u>The Federal Tort Claims Act.</u>

The Federal Tort Claims Act (the "FTCA") "waive[s] the sovereign immunity of the United States for certain torts committed by federal employees acting within the scope of their

employment." *Brownback v. King*, 141 S. Ct. 740, 746 (2021) (internal quotation marks omitted). One of the purposes of the statute is to "channel[] liability away from individual employees and toward the United States." *Simmons v. Himmelreich*, 578 U.S. 621, 631 (2016). It provides "the exclusive remedy for most claims against Government employees arising out of their official conduct." *Hernandez v. Mesa*, 140 S. Ct. 735, 748 (2020) (quoting *Hui v. Castaneda*, 559 U.S. 799, 806 (2010)). "Federal courts have jurisdiction over these claims if they are actionable under [28 U.S.C.] § 1346(b)." *Brownback*, 141 S. Ct. at 746 (internal quotation marks omitted). A claim is actionable under the statute if it is:

> (1) against the United States, (2) for money damages, (3) for injury or loss of property, or personal injury or death (4) caused by the negligent or wrongful act or omission of any employee of the Government (5) while acting within the scope of his office or employment, (6) under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*Id.* (quoting 28 U.S.C. § 1346(b)) (ellipses omitted). Substantive state law governs the merits of FTCA claims. *Gallivan v. United States*, 943 F.3d 291, 294 (6th Cir. 2019).

Tennessee's Wrongful Death Statute.

Tennessee provides a cause of action to the surviving next of kin of "a person who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing by another[.]" Tenn. Code Ann. § 20-5-106(a). "The Tennessee Supreme Court has interpreted this cause of action to encompass acts of negligence resulting in death." *Evans v. United States*, 728 F. App'x 554, 559 (6th Cir. 2018) (citing *Spires v. Simpson*, 539 S.W.3d 134, 141 (Tenn. 2017)), *cert. denied*, 139 S. Ct. 1259 (2019).

Negligence Under Tennessee Law.

To establish negligence in Tennessee, the plaintiff must show "(1) a duty of care owed by defendant to plaintiff; (2) conduct below the applicable standard of care that amounts to a breach

4

of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate, or legal, cause." *Cotten v. Wilson*, 576 S.W.3d 626, 637 (Tenn. 2019) (quoting *Giggers v. Memphis Hous. Auth.*, 277 S.W.3d 359, 364 (Tenn. 2009)).

In the instant motion, the Government seeks summary judgment as to the fourth and fifth elements of the negligence claim—causation in fact and proximate cause.[2] As it is dispositive, the Court will consider only the latter.[3]

Proximate cause "is the 'ultimate issue' in negligence cases." *McClenahan v. Cooley*, 806 S.W.2d 767, 774-75 (Tenn. 1991). The concept, also known as "legal" cause, "connotes a policy decision made by the judiciary to establish a boundary of legal liability and to deny liability for conduct that could otherwise be actionable." *Cotten*, 576 S.W.3d at 638 (quoting *Rains v. Bend of the River*, 124 S.W.3d 580, 592 (Tenn. Ct. App. 2003)). "Fixing this boundary of liability is the purpose underlying the element of proximate cause." *Kilpatrick v. Bryant*, 868 S.W.2d 594, 598 (Tenn. 1993).

> Proximate cause is merely the limitation which the courts have placed upon the actor's responsibility for the consequences of the actor's conduct. The consequences of an act go forward to eternity, and the causes of an event go back to the dawn of human events, and beyond. Any attempt to impose responsibility upon such a basis would result in infinite liability.

*Id.* (brackets, ellipses, and footnote omitted). "Proof of negligence without proof of causation is nothing." *King v. Anderson Cty., Tenn.*, 419 S.W.3d 232, 247 (Tenn. 2013) (quoting *Doe v. Linder Const. Co., Inc.*, 845 S.W.2d 173, 181 (Tenn. 1992)); *see also Kilpatrick*, 868 S.W.2d at 599 ("the mere occurrence of an injury does not prove negligence, and an admittedly negligent act does not

---

[2]It appears from a review of the Government's briefs that it concedes the remaining elements of the negligence claim.

[3]In so doing, the Court will assume for purposes of this order that a disputed question of material fact exists as to causation in fact.

necessarily entail liability"). The Tennessee courts utilize a three-part test in determining whether proximate cause exists:

> (1) the tortfeasor's conduct must have been a "substantial factor" in bringing about the harm being complained of; and (2) there is no rule or policy that should relieve the wrongdoer from liability because of the manner in which the negligence has resulted in the harm; and (3) the harm giving rise to the action could have reasonably been foreseen or anticipated by a person of ordinary intelligence and prudence.

*Cotten*, 576 S.W.3d at 638 (quoting *McClenahan*, 806 S.W.2d at 775). Proximate cause must be shown by the plaintiff by a preponderance of the evidence. *King*, 419 S.W.3d at 246.

Again, because it finds it to be dispositive, the Court will focus its attention solely on the foreseeability element of the proximate cause test. "[I]n general terms, foreseeability is the test of negligence." *Downs ex rel. Downs v. Bush*, 263 S.W.3d 812, 820 (Tenn. 2008) (quoting *West v. E. Tenn. Pioneer Oil Co.*, 172 S.W.3d 545, 552 (Tenn. 2005)) (brackets and internal quotation marks omitted). While one "is expected to be vigilant, he is not expected to be prescient." *Cotten*, 576 S.W.3d at 638.

> The critical factor in distinguishing between vigilance and prescience is foreseeability . . . Foreseeability is the crucial factor in the proximate cause test because, if the injury that gives rise to a negligence case could not have been reasonably foreseen, there is no proximate cause and thus no liability despite the existence of negligent conduct. A risk is foreseeable if a reasonable person could foresee the probability of its occurrence or if the person was on notice that the likelihood of danger to the party to whom is owed a duty is probable. However, the plaintiff must show that the injury was a reasonably foreseeable probability, not just a remote possibility.

*Id.* (quoting *King*, 419 S.W.3d at 248) (brackets and internal quotation marks omitted).

In considering foreseeability in this case, the Court finds instructive the Sixth Circuit's analysis in *Kellner v. Budget Car & Truck Rental, Inc.*, 359 F.3d 399 (6th Cir. 2004). Therein, a truck driver pulled his tractor trailer rig into the breakdown lane of Interstate 40 after he began having mechanical problems. *Kellner*, 359 F.3d at 401. While the driver was working on the

6

truck, another driver entered the emergency lane and collided with the tractor trailer, killing the truck driver, the motorist, and one of her passengers. *Id.* at 402. The parents of the motorist's passengers brought a negligence action against, among others, the truck driver's estate under Tennessee law. *Id.* The trial court granted summary judgment in favor of the defendants on the grounds that proximate cause had not been established as a matter of law. *Id.* at 403.

On appeal, the plaintiffs argued that summary judgment was not appropriate where facts regarding the foreseeability element of the proximate cause inquiry were in dispute. *Id.* at 404. Specifically, they contended that, by negligently parking his rig on the shoulder of the interstate, the truck driver could foresee the possibility that a vehicle would leave its lane of traffic and collide with his truck. *Id.* Thus, they maintained, his actions were the proximate cause of the injuries sustained. *Id.* The Sixth Circuit, however, rejected what it characterized as "the [plaintiffs'] scheme [that] a driver legally traveling in [his] own lane, who is hit by another vehicle that crossed into that driver's lane, could be held liable for negligence because it was foreseeable that vehicles leave their lanes of traffic," finding that such a "broadly construed notion of foreseeability leads . . . to logical absurdities[.]" *Id.* at 407. Rather, the court determined that, while one must "anticipate or foresee what would normally happen[,] one is not required to anticipate and provide against what is unusual or unlikely to happen, or that which is only remotely possible." *Id.* (quoting *Underwood v. Waterslides of Mid-Am., Inc.*, 823 S.W.2d 171, 180 (Tenn. Ct. App. 1991), *abrogated on other grounds Chapman v. Bearfield*, 207 S.W.3d 736 (Tenn. 2006)); *see also Quade v. Rodriguez*, No. 2:07-CV-64, 2009 WL 2170146, at *8 (E.D. Tenn. July 21, 2009) (citing *Kellner*).

The Campos Plaintiffs submit that the accident resulting in A.C.'s death was a reasonably foreseeable consequence of Henderson's negligent act of speeding, particularly in light of his

7

familiarity with the poor condition of the roadway, including a "slight bump" and potholes near the scene of the accident. (D.E. 83 at PageID 456-57.) At the outset, the Court notes that the Campos Plaintiffs point to no evidence in the record connecting Walker's loss of control to roughness in the roadway. In any case, the undisputed facts reflect that Henderson was legally traveling in his own lane and collided with Walker after she crossed into his lane. The Campos Plaintiffs have cited to no caselaw that would indicate a finding of reasonable foreseeability under such circumstances. And, indeed, it appears from the Court's reading of *Kellner* that to find proximate cause under these facts constitutes an overly broad interpretation of the concept of reasonable foreseeability. Although proximate cause is ordinarily a question to be determined by the finder of fact, *Haynes v. Hamilton Cty., Tenn.*, 883 S.W.2d 606, 612 (Tenn. 1994), "[s]ummary judgment is appropriate when an essential element of negligence is missing," *Kellner*, 359 F.3d at 406. As the Campos Plaintiffs have failed to establish a disputed question of material fact as to the proximate cause of the accident, summary judgment in the Government's favor is warranted. The Court is sympathetic to the tragic loss of a child in the horrific accident which formed the basis for this action. That said, liability does not, in the Court's view, lie with the Government.

## *CONCLUSION*

For the reasons articulated herein, the motion of the United States for summary judgment as to the Campos Plaintiffs' claims is GRANTED. The Clerk is DIRECTED to enter judgment in favor of the Government as to those claims.

IT IS SO ORDERED this 30th day of November 2021.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE