IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

TABITHA CAMPOS, as Parent and Next of Kin of
A.C., a Minor, deceased, and TABITHA
CAMPOS, Individually,

    Plaintiffs,

v.                                                                         Case No. 1:19-cv-01190-JDB-jay
                                                                       (Lead Case)

UNITED STATES OF AMERICA,
WILLIAM J. MILAM, Administrator *Ad
Litem* of the Estate of Chasity Renee Walker,
deceased, and JESSICA WALKER,

    Defendants.

---

KAREY G. ARNOLD and ALLEN
D. WALKER, as Parents and Next
of Kin of Chasity R. Walker, deceased,

    Plaintiffs,

v.                                                                         Case No. 1:19-cv-01254-JDB-jay
                                                                       (Member Case)

UNITED STATES OF AMERICA,

    Defendant.

---

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO
CLAIMS OF THE WALKER PLAINTIFFS AND DENYING MOTION FOR EXTENSION OF
TIME TO PRODUCE EXPERTS AND TO BIFURCATE TRIAL

---

*INTRODUCTION AND PROCEDURAL BACKGROUND*

       In a complaint filed September 3, 2019, Tabitha Campos, individually and as parent and

next of kin of A.C., a minor, deceased (the "Campos Plaintiffs"), brought a wrongful death action

under Tennessee law against the Defendants, the United States of America; Jessica Walker; and William J. Milam, Administrator *ad litem* of the Estate of Chasity Renee Walker, deceased. (*Campos v. United States, et al.,* Case No. 1:19-cv-01190-JDB-jay, Docket Entry ("D.E.") 1.)  On October 25, 2019, Karey G. Arnold and Allen D. Arnold, parents and next of kin of Chasity R. Walker, deceased (the "Walker Plaintiffs"), initiated a Tennessee negligence action against the United States of America.  (*Arnold v. United States*, Case No. 1:19-cv-01254-JDB-jay, D.E. 1.)

As the lawsuits arose from the same fatal automobile accident, they were consolidated in an order entered January 8, 2020.  (*Campos v. United States, et al.,* Case No. 1:19-cv-01190-JDB-jay, D.E. 21; *Arnold v. United States*, Case No. 1:19-cv-01254-JDB-jay, D.E. 15.)  Pending before the Court is the motion of the United States for summary judgment as to all claims of the Campos and Walker Plaintiffs pursuant to Rule 56 of the Federal Rules of Civil Procedure.  (D.E. 76.[1])  In the interest of simplicity and to avoid confusion, the Court deems it appropriate to rule on the dispositive motion as to each set of plaintiffs separately.

At the time the motion was filed, the Walker Plaintiffs were represented by Attorney David Hardee.  Following Hardee's death on March 17, 2021, Attorney Lewis L. Cobb, claiming he was acting only as consulting co-counsel in this matter and unable to assume sole responsibility for the case, moved to withdraw.  (D.E. 78, 81.)  The Government opposed the withdrawal to the extent Mr. Cobb was permitted to do so prior to filing a response to its pending dispositive motion on behalf of the Walker Plaintiffs.  (D.E. 79, 82.)  On May 5, 2021, Mr. Cobb filed the response (D.E. 84) and, in an order entered May 11, 2021, was allowed to withdraw as counsel (D.E. 85).  The case lay dormant for some time while the Walker Plaintiffs attempted to retain new counsel.  On

---

[1]Documents filed subsequent to consolidation will bear the docket entry numbers of only the lead case.

September 22, 2021, Attorneys James E. Blount, IV, and Benjamin L. Taylor appeared on their behalf. (D.E. 102.)  In a status conference conducted the following day, the Court gave new counsel three weeks to submit additional briefing in opposition to the motion for summary judgment. (D.E. 103.)  The Walker Plaintiffs' supplemental response was filed on October 14, 2021 (Case No. 1:19-cv-01254-JDB-jay, D.E. 77[2]), to which the Government replied (D.E. 108).

## *STANDARD OF REVIEW*

Rule 56 provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The court is to determine "whether the evidence presents a sufficient disagreement to require submission to a [factfinder] or whether it is so one-sided that one party must prevail as a matter of law[.]" *Jordan v. Howard*, 987 F.3d 537, 542 (6th Cir. 2021) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-55 (1986)), *reh'g en banc denied* (Mar. 8, 2021).  "The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.* (quoting *Seeger v. Cincinnati Bell Tel. Co.*, 681 F.3d 274, 281 (6th Cir. 2012)).  In making its determination, "the court must view the evidence and draw all reasonable inferences in favor of the nonmoving party." *Id.* (citing *Liberty Lobby*, 477 U.S. at 251-55).

## *UNDISPUTED FACTS*

The following facts are undisputed unless otherwise noted.  On October 26, 2018, before 8:00 a.m., Chasity Walker was driving a Nissan Versa southbound on Riverside Drive in Jackson,

---

[2]The filing was made only in the member case in violation of the Court's consolidation order, which required counsel to "file all documents in the lead case and spread the docket filing to the member case[.]"  (D.E. 21 at PageID 86.)

3

Tennessee.  A.C., Tabitha Campos' five-year-old son, was riding in the Nissan's back passenger side seat.  At the same time, Ivan Henderson, acting within the course and scope of his employment with the United States Navy and operating a Ford Focus owned and maintained by the United States, was traveling northbound on Riverside Drive.  Near the intersection of Riverside Drive and Cane Creek Road, Walker lost control of her vehicle and entered the northbound lane of Riverside Drive crosswise.  In its statement of undisputed facts numbered 6, the United States stated that, "[a]fter Ms. Walker's vehicle entered the northbound lane, the vehicle driven by Mr. Henderson collided with the vehicle driven by Ms. Walker." (D.E. 84-1 at PageID 674.)  The Walker Plaintiffs responded thusly:  "Disputed.  Ms. Walker's vehicle struck the [w]estern guardrail while sliding sideways and then bounced across the road and into the northbound lane and struck the [e]astern guardrail." (*Id.*)  Despite this "dispute," it appears the Walker Plaintiffs do not dispute that a collision occurred between Walker's and Henderson's vehicles.  Walker and A.C. died of injuries sustained in the crash.

*ARGUMENTS OF THE PARTIES AND ANALYSIS*

The Federal Tort Claims Act.

The Federal Tort Claims Act (the "FTCA") "waive[s] the sovereign immunity of the United States for certain torts committed by federal employees acting within the scope of their employment." *Brownback v. King*, 141 S. Ct. 740, 746 (2021) (internal quotation marks omitted).  One of the purposes of the statute is to "channel[] liability away from individual employees and toward the United States." *Simmons v. Himmelreich*, 578 U.S. 621, 631 (2016).  It provides "the exclusive remedy for most claims against Government employees arising out of their official conduct." *Hernandez v. Mesa*, 140 S. Ct. 735, 748 (2020) (quoting *Hui v. Castaneda*, 559 U.S. 799, 806 (2010)).  "Federal courts have jurisdiction over these claims if they are actionable under

4

[28 U.S.C.] § 1346(b)." *Brownback*, 141 S. Ct. at 746 (internal quotation marks omitted). A claim is actionable under the statute if it is:

> (1) against the United States, (2) for money damages, (3) for injury or loss of property, or personal injury or death (4) caused by the negligent or wrongful act or omission of any employee of the Government (5) while acting within the scope of his office or employment, (6) under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*Id.* (quoting 28 U.S.C. § 1346(b)) (ellipses omitted). Substantive state law governs the merits of FTCA claims. *Gallivan v. United States*, 943 F.3d 291, 294 (6th Cir. 2019).

Tennessee's Wrongful Death Statute.

Tennessee provides a cause of action to the surviving next of kin of "a person who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing by another[.]" Tenn. Code Ann. § 20-5-106(a). "The Tennessee Supreme Court has interpreted this cause of action to encompass acts of negligence resulting in death." *Evans v. United States*, 728 F. App'x 554, 559 (6th Cir. 2018) (citing *Spires v. Simpson*, 539 S.W.3d 134, 141 (Tenn. 2017)), *cert. denied*, 139 S. Ct. 1259 (2019).

Negligence Under Tennessee Law.

To establish negligence in Tennessee, the plaintiff must show "(1) a duty of care owed by defendant to plaintiff; (2) conduct below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate, or legal, cause." *Cotten v. Wilson*, 576 S.W.3d 626, 637 (Tenn. 2019) (quoting *Giggers v. Memphis Hous. Auth.*, 277 S.W.3d 359, 364 (Tenn. 2009)).

In the instant motion, the Government seeks summary judgment as to the fourth and fifth elements of the negligence claim—causation in fact and proximate cause. Mr. Cobb's five-page May 5, 2021, response to the dispositive motion was divided into three sections of law and

5

argument: "A.  Summary Judgment Standard," "B.  Elements of Negligence in Tennessee," and "C.  Causation in Fact."  (D.E. 84 at PageID 667-68.)  However, the brief contains no discussion whatever of the proximate cause standard or the application of that standard to the facts of this case.  "A plaintiff's failure to respond to an argument in a summary judgment motion is grounds for the Court to deem the opposition waived."  *Hood v. City of Memphis Pub. Works Div.*, No. 2:17-cv-02869-SHM, 2021 WL 918766, at *9 (W.D. Tenn. Mar. 10, 2021), *appeal filed* (6th Cir. Apr. 12, 2021) (No. 21-5372).  Thus, it might appear that Mr. Cobb conceded the proximate cause element.  However, even if the Court were to apply the assertions contained in the causation in fact section of Mr. Cobb's brief to the proximate cause element, they would fall short of establishing the existence of a disputed issue of material fact.  Like the Campos Plaintiffs, Mr. Cobb failed to cite to any caselaw that would support a finding that a vehicle crossing into Henderson's lane of traffic under the instant circumstances was reasonably foreseeable.  Accordingly, for the same reasons articulated in the Court's order granting the United States' motion for summary judgment as to the claims of the Campos Plaintiffs, Rule 56 relief is appropriate

The "new fact" espoused by the Walker Plaintiffs' current counsel in their supplemental response does nothing to salvage their claim.  Counsel maintain therein that, in reviewing the report prepared by the Tennessee Highway Patrol Critical Incident Response Team, upon which all of the causation experts previously disclosed in this case relied, they discovered a new fact concerning the Ford's steering wheel angle which suggested that Henderson was "barreling down the wet road" in *Walker's* lane of traffic, causing *her* to swerve to avoid *him*.  (Case No. 1:19-cv-01254-JDB-jay, D.E. 77 at PageID 618.)  In making this assertion, counsel cited to no expert testimony supportive of their new theory of liability.  *See Askew v. Nails*, No. 3-13-0629, 2014

6

WL 4080165, at *2 (M.D. Tenn. Aug. 18, 2014) (noting that the law requires a personal injury plaintiff to present expert testimony of causation). On November 9, 2021, counsel moved for an extension of time to produce such expert testimony. (D.E. 110.) They also sought an extension of time to produce expert testimony concerning the pecuniary value of Walker's life and moved to bifurcate the trial. The Government responded, opposing the relief sought. (D.E. 109.)

The extension of deadlines set forth in a pretrial scheduling order is governed by Fed. R. Civ. P. 16(b). *Hall v. Hartzell Engine Techs, LLC*, Case No. 3:17-cv-01340, 2020 WL 5604265, at *3 (M.D. Tenn. Sept. 18, 2020). The rule provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005). "The primary measure of Rule 16's good cause standard is the moving party's diligence in attempting to meet the case management order's requirements." *Helena Agri-Enter., LLC v. Great Lakes Grain, LLC*, 988 F.3d 260, 272 (6th Cir. 2021) (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)) (internal quotation marks omitted). "Bound up in the good cause standard is an examination into the potential for prejudice to the non-moving party." *Id.* at 272-73.

> It must be admitted that in the preparation and trial of a law[]suit the attorney acts as the agent of his client and that the client is bound by the acts of his attorney in the course of that litigation. Carelessness or attorney error is insufficient to constitute good cause under Rule 16(b), even when a party was not informed of [his or] her attorney's actions. The case law is clear, however, that after the party's lack of diligence has otherwise been established, new counsel's entry into a case does not serve as a magic wand that enables the party to conjure up a showing of good cause.

*Garrison v. Sam's East, Inc.*, Civil Action No. 1:16-CV-00152-GNS, 2018 WL 4558201, at *2 (W.D. Ky. Sept. 21, 2018) (internal citations and quotation marks omitted). Moreover, "[a] change in legal strategy . . . do[es] not equate to due diligence." *Lyden v. Hogan Dedicated Servs., LLC*, Case No. 15-9289-CM, 2016 WL 6778941, at *2 (D. Kan. Nov. 16, 2016); *see also Interstate*

7

*Packaging Co. v. Century Indem. Co.*, 291 F.R.D. 139, 146 (M.D. Tenn. 2013) ("That [p]laintiff's new counsel would have litigated this case differently than prior counsel . . . does not constitute the 'good cause' required to allow an untimely amendment [of the scheduling order] and force defendants to relitigate the case."); *Thomas v. McDowell*, Civil Action No. 2:10-cv-0152, 2012 WL 5601198, at *2 (S.D. Ohio Nov. 15, 2012) (a shift in litigation strategy as a result of retaining new counsel does not amount to good cause).

Here, the "new" issue discovered by counsel was contained in a document available to the parties long enough to have been utilized by the previously disclosed causation experts in forming their opinions in this matter. The fact that Messrs. Hardee and Cobb did not, for whatever reason, assign the same level of importance to the evidence as new counsel is not a misfortune to be visited upon the United States. Nor does it allow the Walker Plaintiffs to begin their lawsuit anew. Rather, they are bound by the acts of their previous lawyers. *See Garrison*, 2018 WL 4558201, at *2.

Moreover, an extension of time to produce expert testimony and reports would significantly prejudice the Defendant. This case is set for trial on January 10, 2022, and for pretrial conference on December 20, 2021, less than a month from now. Discovery is long closed. The instant motion for summary judgment, filed April 5, 2021, has been extensively briefed. The production of new experts would require depositions of those experts, production of experts by the Government to counter the opinions of the Walker Plaintiffs' new experts, and likely more dispositive motions. Under these circumstances, it the opinion of the Court that good cause has not been demonstrated.

## *CONCLUSION*

In light of the foregoing, the motion of the United States for summary judgment on the Walker Plaintiffs' claims is GRANTED. Further, the Walker Plaintiffs' motion for extension of

time is DENIED and their motion to bifurcate is DENIED as moot.  The Clerk is DIRECTED to enter judgment in favor of the United States on the claims of the Walker Plaintiffs.

IT IS SO ORDERED this 30th day of November 2021.

s/ J. DANIEL BREEN<br>UNITED STATES DISTRICT JUDGE